HANCOCK *v*. COUNCIL, GRADY & COMPANY.

SIMMONS, C. J.—The declaration sets forth in substance a cause of action. Although it is silent as to whether the contract alleged to have been made was in writing or in parol, the facts stated show that even if it was in parol and therefore originally within the statute of frauds, it was made valid and binding by performance. The breach of the contract and the consequent damages to the plaintiff are sufficiently stated, as against a general demurrer. It was error to dismiss the action.        *Judgment reversed.*

May 13, 1895.  Brought forward from the last term.

Complaint.  Before Judge Smith.  Montgomery superior court.  April term, 1894.

Hancock sued Council, Grady & Company for a breach of contract.  Upon a demurrer for want of a cause of action, the declaration was dismissed, and plaintiff excepted.  He alleged, that in February, 1886, he was induced and persuaded to equip and put in operation a steam saw-mill by defendants, for the purpose of squaring logs for market, upon the following contract: He was to erect the mill, and defendants (who owned several tracts of pine timber land) were to supply the mill with all logs suitable for saw-mill purposes upon said lands, and pay him $2 per thousand for squaring same, or to allow him to cut from said lands any or all of said timber at $1 per thousand feet to be paid by him to them, with the further agreement that either or both should have the privilege of cutting and hauling said timber to the mill.  He had a lucrative position, and left it upon the express agreement of defendants that they would furnish his mill all the logs or timber suitable for saw-mill purposes from the several tracts of land owned by them, or allow him to cut the same.  Upon this contract he erected the mill at the point selected and mutually agreed upon by him and them, at an outlay of $6,000; and for a year or more after the agreement they fur-

nished to him logs from said lands, and he found the business profitable. About December 10, 1888, he made the following supplemental contract with them: In order to facilitate the delivery of logs to the mill and square a larger number of pines from which turpentine had been extracted on said lands, he agreed to reduce the price of squaring the logs 25 c. per M., and sawing deal 50 c. per M., if defendants would procure and lay down, upon the wooden tramroad which had been constructed jointly by them and him for use in the conduct of the mill business, sufficient iron rails to iron heavy curves and grades; and they procured and put down said iron rail, and he made said reduction amounting to $1,100 or other large sum, it being made on about 4,000,000 square feet of square logs and deal; and after the aforesaid amount had been squared, and 1,700 acres more or less, of the lands for which the mill was located to saw, remained uncut and undelivered, defendants refused to deliver any of the remaining uncut timber to the mill, or to allow plaintiff to cut it himself as agreed on. The saw-mill business was fully established and in successful operation, and his reasonable profits in squaring the timber of said remaining lands would amount to $13,600 or other large sum. Wherefore, by their wilful and reckless violation of the contract, defendants damaged him the sum last named; and upon the reduction of the price of sawing, he sustained damage to the amount of $1,100 or other large sum.

W. L. CLARKE, J. E. WOOTEN and J. M. STUBBS, for plaintiff.

A. C. PATE and ROBERTS & SMITH, for defendants.